## CRIMINAL COURT OF BALTIMORE CITY.

Filed June 11, 1928.

STATE OF MARYLAND
VS.
FRANK S. NIXDORFF.

*Assistant State's Attorneys William H. Maynard* and *Charles C. Di Paula* for State of Maryland.

*Walter C. Mylander* and *Emanuel E. Ottenheimer* for defendant.

SOLTER, J.—

A demurrer to the whole indictment and each count has been filed.

I shall sustain the demurrer to each count for the reason that it represents an effort to make the defendant criminally liable under the Act of 1927, Ch. 363, which I hold to be unconstitutional because the title thereto is defective.

The first and second counts are each drawn in an ambiguous fashion with a purpose, I am led to believe, of framing a case which may be presented to a jury as judges of the law and fact which cannot possibly square with any conceivable state of facts. These counts allege that the defendant was owner of a garage, and that he had it for rent, that is, he rented the entire building as such. The count then proceeds to state that he kept the garage open without the necessary license. I cannot conceive of any case where an owner rents an entire garage building as such and then himself "keeps it open." I think the necessary inference from these statements of facts is a charge that when an owner rents an entire building for garage purposes, the act of the tenant "in keeping it open" is his act—an inference that the owner is responsible for the act of the tenant. It is clearly my duty to deny this as a principle of law.

The third and fourth counts are the same as the second and third, except that it is not alleged that the "owner kept the garage open." They alleged that the defendant as owner of an entire building for rent for garage purposes, failed to pay the necessary license fee. This is based upon the Act of 1927, Ch. 363, which as before stated is unconstitutional.